**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Unick, et al., | No. CV10-8116 PCT-DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Town of Prescott Valley, a municipal corporation organized under the State of Arizona, et al., | |
| Defendants. | |

Plaintiffs move to disqualify Defendants' counsel in part (Doc. 37), Defendants oppose (Doc. 40), and Plaintiffs did not file a reply. For the reasons that follow, the Court will deny the motion.[1]

Defendants include the Town of Prescott Valley, sixteen municipal officials, and other unknown parties. Doc. 12. Individual defendants are sued in both their official and individual capacities. *Id.* at 2:11-13 ("The conduct . . . of the Town and its agents (hereinafter 'the Town' and/or the 'Defendants') . . . included acts of the Agents in both their 'individual' and 'official' capacities."); *id.* at 3-8. The complaint alleges two counts: RICO claims under federal and state law, and civil rights violations. *Id.* at 61-65. All defendants are represented by the same two attorneys who are part of the same law firm. Doc. 40.

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1     Plaintiffs assert that some of the defendants are being sued in part in their individual 2 capacities. Doc. 37 at 2:23-24. For example, it is argued the individual defendants have 3 RICO liability that is distinct from the liability of defendants as municipal officials. *Id.* at 4 3. As a result, Plaintiffs move to disqualify Defendants' attorneys from representing them 5 as to claims where they are sued in their individual capacities. *Id.* at 2. Plaintiffs argue that 6 under the Arizona Constitution, public funds may not be used to pay for litigation of non-7 public defendants. *Id.* at 8. Plaintiffs also argue that an irreconcilable conflict of interest 8 exists between defendants as public officials and some or all defendants as private persons. 9 *Id.* at 3-4. As an example, Plaintiffs assert that the Town would be presumed to have ratified 10 co-defendants' RICO actions if it pays for their defense, thereby making it liable for private 11 defendants' conduct. *Id.* at 9.

12     Defendants respond that Plaintiffs have no standing to challenge how the municipality 13 spends its money. Doc. 40 at 4. Defense counsel also assert that they have met with all 14 defendants and certify there is no basis for concluding that representation of any defendant 15 is adverse to any other defendant. *Id.* at 3.

16     Plaintiffs rely on the Arizona Constitution art. 9, § 7 ("Gift Clause") for the 17 proposition that the municipality may not pay defendants' private litigation costs. Doc. 37 18 at 8. Plaintiffs also cite to *Turken v. Gordon*, 224 P.3d 158, 165 (Ariz. 2010). *Id.* at 9. In 19 *Turken*, the Arizona Supreme Court reaffirmed that taxpayers may sue under the Gift Clause, 20 and clarified the elements of the cause of action. The complaint in this case does not appear 21 to assert a claim under the Gift Clause, and Plaintiffs cite no case for the proposition that the 22 Gift Clause may serve as a basis for disqualifying attorneys.

23     As to the conflicts argument, Plaintiffs cite three cases: *In re County of Los Angeles*, 24 223 F.3d 990, 995 (9th Cir. 2000), *Optyl Eyewear Fashion v. Style Companies, LTD.*, 760 25 F.2d 1045, 1050 (9th Cir. 1985), and *IBM Corp. v. Levin*, 579 F.2d 271, 279 (3d Cir. 1978). 26 *County of Los Angeles* and *Levin* involve conflicts that were alleged to prejudice the party 27 seeking disqualification. Plaintiffs make no such argument here. *Optyl Eyewear* involved 28 testimonial conflicts where the moving party asserted opposing counsel might be called to

1 testify against their clients. The Ninth Circuit upheld the district court's denial of the motion
2 to disqualify and also upheld the grant of sanctions against the moving party for seeking
3 disqualification in bad faith. *Optyl Eyewear*, 760 F.2d at 1052. Plaintiffs also cite Ethical
4 Rule 1.7, but provide no case law applying ER 1.7 to facts similar to this case.

5 As the moving party seeking to disqualify, Plaintiffs have the burden of providing the
6 Court with sufficient legal and factual arguments to support their position. They have failed
7 to do so.

8 **IT IS ORDERED** that Plaintiffs' motion to disqualify (Doc. 37) is **denied**.
9 DATED this 9th day of May, 2011.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

- 3 -