**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Unick, et al., | No. CV-10-8116-PCT-SMM |
| Plaintiffs, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| Town of Prescott Valley, et al., | |
| Defendants. | |

At the outset of this case, Joseph and Linda Unick ("Plaintiffs") brought a wide-ranging RICO and Civil Rights Complaint against numerous officials of the Town of Prescott Valley ("Defendants"). (Doc. 12.) Plaintiffs own Lot 6532 (the "Lot"), a dirt lot in Unit 16, in Prescott Valley, Arizona. (Id.) The Lot is in a sparsely developed area of Prescott Valley in the Agua Fria Flood Plain. Plaintiffs alleged that Defendants at one time intended to develop Unit 16 for commercial purposes, but after failing once to re-engineer the flood plain to comply with federal regulations, have no desire to pay for another attempt. (Id.) In an alleged attempt to force Plaintiffs to apply for and pay for re-engineering the Lot to remove it from the flood plain, Plaintiffs accused Defendants of engaging in a scheme that included dumping hazardous waste and hazardous dirt onto Plaintiffs' property and illegally prosecuting Plaintiffs for zoning violations. (Id.) Finally, Plaintiffs asserted that Defendants used state laws authorizing the formation of commercial facilities districts ("CFDs") and funds from the CFDs to illegally tax citizens and businesses. (Id.)

The Court entered a Scheduling Order regarding discovery pertaining to the Plaintiffs'

1  allegations of illegal dumping. (Doc. 50.) Subsequently, the Court conducted a site visit at
2  Plaintiffs' property. (Doc. 51.) Defendants conducted discovery, deposing Plaintiffs, and
3  filed a motion for summary judgment in favor of all Defendants on all claims. (Doc. 57.)

5  Defendants rightfully contended that this lawsuit was merely "revenge" for
6  Defendants' citing, prosecuting, and finding Plaintiffs guilty of a zoning violation for
7  improperly fencing their Lot and improperly keeping salvaged vehicles and tires on a
8  residentially zoned lot. (Doc. 57 at 2, 4; Doc. 58 at 7.) Defendants contended that because
9  Plaintiffs were found guilty of the zoning violation, they brought this frivolous lawsuit as
10 a means to harass Defendants in retaliation. (Doc. 57 at 2.)

11 Defendants contended that summary judgment was warranted on all claims because
12 (1) Plaintiffs admit that Prescott Valley never "dumped" dirt on their lot, but rather the dirt
13 was spread on the property before Plaintiffs purchased it, with the consent of the property's
14 previous owner and with Plaintiffs' full knowledge; (2) Plaintiffs admit there is no evidence
15 that any of the Defendants either illegally dumped dirt on their property or are responsible
16 for dumping dirt on their property; and (3) there is no evidence that any dirt on Plaintiffs'
17 property was or is hazardous. (Id. at 2.)

18 Plaintiffs did not respond to Defendants' motion for summary judgment.
19 Subsequently, former counsel for Plaintiffs, Robert Blakey, had his law practice suspended
20 by the State Bar of Arizona. (Doc. 65; Doc. 60 at 2.) Plaintiffs then obtained substitute
21 counsel. (Doc. 67.)

22 The Court required new counsel for Plaintiffs to decide and inform the Court whether
23 "the case will be moving forward on all of the legal theories previously set forth in the
24 Amended Complaint, or whether Plaintiffs are making the decision to withdraw any or all
25 the claims submitted in their Amended Complaint." (Doc. 65 at 1-2.) The Court also gave
26 new counsel for Plaintiffs additional time to respond to Defendants' motion for summary
27 judgment. (Id. at 2-3.) Plaintiffs neither responded that they were moving forward with the
28 Amended Complaint nor responded to Defendants' motion for summary judgment.

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 57); Defendants' Motion for Ruling (Doc. 68), and Plaintiffs' Motion to Dismiss All Counts with Prejudice (Doc. 69). Plaintiffs' motion to dismiss all claims recommended that the Court either grant their motion to dismiss or grant Defendants' motion for summary judgment. (Doc. 69.) Defendants responded asking the Court to grant their summary judgment motion, with each party to bear their own costs and fees. (Doc. 70.) The Court agrees with Defendants.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion for Summary Judgment. (Doc. 57.)

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of all Defendants on all claims and terminate this action. The Clerk of Court shall **DISMISS WITH PREJUDICE** any and all claims with all parties to bear their respective costs and attorney's fees.

**IT IS FURTHER ORDERED GRANTING** Defendants' motion for ruling (Doc. 68) and that Plaintiffs' Motion to Dismiss all Counts with Prejudice is **denied as moot**. (Doc. 69.)

DATED this 30th day of July, 2012.

Stephen M. McNamee
Senior United States District Judge